1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE A. ALCANTARA,                          Case No.  1:13-cv-01955-AWI-GSA PC

12              Plaintiff,                          ORDER STRIKING COMPLAINT AND
                                                    REQUIRING PLAINTIFF TO FILE SIGNED
13          v.                                      COMPLAINT AND EITHER FILE
                                                    APPLICATION TO PROCEED IN FORMA
14    SIX UNKNOWN NAMES AGENTS, et al.,             PAUPERIS OR PAY FILING FEE WITHIN
                                                    THIRTY DAYS
15              Defendants.

16                                                  (Doc. 1)

17    _____/

18          On December 2, 2013, a civil complaint bearing the name of Jose A. Alcantara

19    ("Plaintiff") was received and filed.[1]   The complaint is unsigned and it sets forth no intelligible

20    claims for relief.  The Court cannot consider unsigned filings and therefore, the complaint shall be

21    stricken from the record.  Plaintiff has thirty days to file a signed complaint that complies with

22    Federal Rule of Civil Procedure 8(a).[2]  Plaintiff must also either file a motion seeking leave to

23    proceed in forma pauperis or pay the $400.00 filing fee in full.

24    _____

25    [1] The complaint arrived in an envelope bearing the name of Young Yil Jo, who is also at the Etowah County Jail.  Mr.
      Jo's abusive litigation tactics are well known in this district, and based on Mr. Jo's filing history and the lack of a
      signature on the complaint, the Court cannot determine whether or not Mr. Alcantara authorized the filing of this
26    action.

27    [2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."
      Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a
28    cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129
      S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).

                                                    1

1    Accordingly, IT IS HEREBY ORDERED that:

2         1.    The complaint is stricken from the record for lack of signature;

3         2.    The Clerk's Office shall send Plaintiff a <u>Bivens</u> complaint form and an application

4    to proceed in forma pauperis;

5         3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must file a

6    signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the

7    $400.00 filing fee for this action; and

8         4.    **The failure to comply with this order will result in dismissal of this action.**

9

10

11

12   IT IS SO ORDERED.

13        Dated:    **December 6, 2013**                    **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25
_____

26   While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u>,

27   556 U.S. at 678, 129 S.Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at

28   1949-50; <u>Moss</u>, 572 F.3d at 969.

2